HIGGINSON, Circuit Judge: *
Appellant Claudia Dawson was arrested by Palestine, Texas police for public intoxication and interference with public duties. She was taken to the Anderson County jail and, based on probable suspicion, police officers asked the jail’s officers to perform a strip search. During that search, Dawson was shot with a pepperball gun,[1] once in the leg and once in the abdomen. She sued, alleging civil rights violations under 42 U.S.C. § 1983 for use of excessive force by Anderson County jailers and an unreasonable search. She also raised pendent state law claims for assault and battery.[2] *370 The district court granted the defendants’ motion for summary judgment and dismissed Dawson’s claims. We AFFIRM.
“We review the district court’s summary judgment decision de novo, applying the same standards as the district court.” Poole v. City of Shreveport, 691 F.3d 624, 627 (5th Cir.2012). Summary judgment is appropriate where “there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(a).
Appellant first claims that the use of the pepperball gun constituted excessive force in violation of the Fourth Amendment.[3] Contrary to her jailers, Dawson stated she initially complied with their directive to “squat and cough” during the strip search. This initial compliance removed any need for the pepperball gun (which left small marks and broke the skin) and, she contended, its use therefore was excessive. The defendants responded with a claim of qualified immunity. To overcome this defense, Dawson must show an injury caused by actions that were objectively unreasonable in light of clearly established law. Poole, 691 F.3d at 627. “The defendant’s acts are held to be objectively reasonable unless all reasonable officials in the defendant’s circumstances would have then known that the defendant’s conduct violated the United States Constitution or the federal statute as alleged by the plaintiff.” Thompson v. Upshur Cnty., 245 F.3d 447, 457 (5th Cir.2001).
We cannot conclude that all reasonable officers would believe that the use of force in this case violated the Fourth Amendment, because it is undisputed that Dawson did not comply with successive search commands given at her arrestee intake encounter. Even crediting her that she obeyed at first, Dawson admitted refusing a renewed command to “squat and cough.” Law enforcement officers are within their rights to use objectively reasonable force to obtain compliance from prisoners. Compare Tillis v. Garcia, 99 F.3d 1135 (5th Cir.1996) (affirming judgment as matter of law for defendants in Eighth Amendment excessive force case, in which officers applied physical force to restrain plaintiff after he concededly “engaged in provocative conduct toward the officers”), with Comeaux v. Sutton, 496 Fed.Appx. 368 (5th Cir.2012) (reversing summary judgment for defendants in excessive force case in which plaintiff denied offering any resistance to officers’ commands and officers forcibly removed handcuffed plaintiff from his wheelchair to floor to remove clothing). Measured force achieved compliance with the officers’ search directives in this case, again, crediting, as we must, Dawson’s contention that she complied at first but then refused a search order given twice believing it to be abusive. Measured force[4] used on an arrestee who refuses *371 immediately successive search orders cannot be deemed objectively unreasonable under our qualified immunity caselaw.
We next consider Dawson’s argument that the search was conducted in an unreasonable manner.[5] Dawson’s assertion is that, in addition to using a pepperball gun, the defendants laughed at her and made abusive comments. We have held previously that verbal abuse by a jailer alone does not give rise to a § 1983 claim. Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993). We have already held that the use of the pepperball gun in this case was objectively reasonable, and we do not find that her assertions about laughter and taunts combine to overcome defendants’ qualified immunity.
Finally we address Dawson’s state law claims of assault and battery.[6] The defendants argue that they are entitled to official immunity under Texas law. We agree. The question is whether the officers acted in good faith and their conduct “is evaluated under substantially the same standard used for qualified immunity determinations in § 1983 actions.” Meadours v. Ermel, 483 F.3d 417, 424 (5th Cir.2007). Because the officers were entitled to qualified immunity on the federal claims, they are also protected by official immunity under state law.
In sum, the district court did not err in holding in favor of the defendants.
AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. "Pepperball guns are, in essence, paintball guns that fire rounds containing oleoresin capsicum (‘OC’) powder, also known as pepper spray.” Nelson v. City of Davis, 685 F.3d 867, 873 (9th Cir.2012).

. The original complaint included an Eighth Amendment violation that was dropped during summary judgment.

. The district court correctly characterized this claim as a Fourth Amendment issue rather than a Fourteenth Amendment one — even though Dawson claimed her substantive due process rights were violated. The claim is against Jailer Giles (who shot the pepperball gun) and Sergeant Watson (who authorized the use of the pepperball gun) for their direct actions. It is also raised against Anderson County and Sheriff Taylor for deficient policies, procedures, etc. that allowed the incident. Because we find the use of the pepper-ball gun to be objectively reasonable, we do not reach Appellant’s argument against Anderson County and Sheriff Taylor.

. Of course, we do not cast judgment on the use of pepperball projectiles in other factual contexts. See, e.g., Nelson, 685 F.3d 867 (holding that qualified immunity did not protect police officers from Fourth Amendment seizure claim stemming from their firing pep-perball that struck plaintiff, a university student at a party who was nonresistant and awaiting instruction from officers, in the eye, causing permanent vision loss).

. This claim is raised against Jailers Wells, Giles, and Fanner for their direct roles. It is also pressed against Anderson County and Sheriff Taylor for deficient policies, procedures, etc. Dawson explicitly waived the argument that the strip search was invalid at its inception, citing Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington, - U.S. -, 132 S.Ct. 1510, 182 L.Ed.2d 566 (2012). We accordingly do not pass on whether the search was justified initially.

. These claims are against Sergeant Watson and Jailers Giles, Farmer, and Wells.